```
          UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
             Civil No. 10-4342(DSD/SER)
```

Wade McInroy,

       Plaintiff,

v.                                                    **ORDER**

BAC Home Loan Servicing, LP,

       Defendant.

    Roy B. Henline, Esq., 11990 Aberdeen Street N.E., Suite 4, Blaine, MN 55449, counsel for plaintiff.

    Mark G. Schroeder, Esq., Tara R. Duginske, Esq., Brent R. Lindahl, Esq. and Briggs & Morgan, P.A., 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant BAC Home Loans Servicing, LP (BAC).[1] Based on a review of the file, record and proceedings herein, the court grants the motion.

**BACKGROUND**

This foreclosure dispute arises out of a May 24, 2008, promissory note and mortgage from plaintiff Wade McInroy[2] to

---

[1] BAC is a limited partnership, whose partners are citizens of North Carolina. See Notice of Removal ¶ 11.

[2] McInroy is a citizen of Minnesota.

nonparty Universal Mortgage Corporation. Compl. ¶ 4. Thereafter, BAC acquired the loan and became the servicer of the note. See id. In May 2009, McInroy fell behind on his mortgage payments. Id. ¶ 6.  In July 2009, he requested a loan modification from BAC under the Home Affordable Modification Program (HAMP). Id. ¶ 8. BAC did not inform McInroy whether it approved or denied the request. Id. BAC foreclosed the mortgage and sold the home on January 8, 2010. Id. ¶ 12.  On September 15, 2010, McInroy sued BAC in Minnesota state court, alleging violation of procedural due process, wrongful foreclosure under HAMP, breach of the implied covenant of good faith and fair dealing, and violation of the Minnesota Uniform Deceptive Trade Practices Act (MUDTPA).  BAC timely removed and moved to dismiss for failure to state a claim upon which relief can be granted.  The court now considers the motion.[3]

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

---

[3] McInroy filed his memorandum two days before the hearing on this motion. See ECF No. 6. Accordingly, the court does not consider the memorandum. See D. Minn. L.R. 7.1(b)(2), (e) (memorandum of responding party due 21 days before hearing). The court considers, however, arguments presented by McInroy at oral argument.

(quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. <u>See</u> <u>Twombly</u>, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim." <u>Iqbal</u>, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6). <u>See</u> Fed. R. Civ. P. 12(d). The court may consider materials "that are part of the public record," <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced by the pleadings and exhibits attached to the complaint." <u>Mattes v. ABC Plastics, Inc.</u>, 323 F.3d 695, 698 n.4 (8th Cir. 2003). In the present action, the court considers the HAMP Guidelines and Servicer Participation Agreement.

**I. HAMP**

The United States Department of the Treasury created HAMP in response to a directive in the Emergency Economic Stabilization Act of 2008 (EESA), 12 U.S.C. §§ 5201-5261. <u>See</u> 12 U.S.C. § 5219(a)(1)

("[T]he Secretary shall implement a plan that seeks to maximize assistance for homeowners and use the authority of the Secretary to encourage the servicers of the underlying mortgages ... to take advantage of the HOPE for Homeowners Program under section 1715z-23 of this title or other available programs to minimize foreclosures."); see also id. § 5220 (similar directive to the Federal Housing Finance Agency (FHFA), Fannie Mae and Freddie Mac); Williams v. Timothy F. Geithner, No. 09-1959, 2009 WL 3757380, at *2 (D. Minn. Nov. 9, 2009).  HAMP gives financial incentives to encourage mortgage servicers like BAC to modify mortgages. Williams, 2009 WL 3757380, at *2.  Servicers need not participate.

HAMP imposes several obligations on servicers who choose to participate.  Id. at *2-3.  Participating servicers must sign a Servicer Participation Agreement (Agreement) with Fannie Mae, and consider all modification requests. See Phu Van Nguyen v. BAC Home Loan Servs., No. C-10-01712, 2010 WL 3894986, at *2 (N.D. Cal. Oct. 1, 2010); Williams, 2009 WL 3757380, at *2-3 (citing U.S. Dept. of Treasury, Supplemental Directive 09-01, Introduction to the Home Affordable Modification Program (2009)).  Participating servicers must apply a net present value (NPV) calculation to each eligible modification request.  Williams, 2009 WL 3757380, at *2–3 & 3 n.3. Based on the NPV calculation, servicers must modify loans that would result in a greater return with modification than without modification.  Servicers need not modify loans for which a greater

return would result without modification.  Supp. Directive 09-01, at 4.

## II.  Violation of Due Process

McInroy first claims that BAC's failure to reply to his request before foreclosing his mortgage violated his right to due process.  To prevail, McInroy must show that BAC deprived him of a protected liberty or property interest.  See Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972).  A protected property interest exists when a person has "more than an abstract need or desire for [a benefit].  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  Id. at 577.

EESA and HAMP do not create a constitutionally protected property interest in receiving a reply to a loan-modification request.  Congress vested discretion in the Secretary of Treasury to implement EESA, and HAMP vests considerable discretion in participating servicers.  See Jennings v. Lombardi, 70 F.3d 994, 996 (8th Cir. 1995) ("Where the statute or policy ... grants to the decisionmaker discretionary authority in implementing it, a protected property interest is not created."); Williams, 2009 WL 3757380, at *6–7.  Such discretion precludes an individual homeowner from reasonably claiming that he is entitled to a

modification or a reply to a modification request. Williams, 2009 WL 3757380, at *6–7. Therefore, McInroy fails to state a due process claim on this basis.

McInroy also argues that BAC deprived him of due process because he is a third-party beneficiary to the Agreement between Fannie Mae and BAC. As an initial matter, McInroy did not allege breach of contract in the complaint, or that he was a third-party beneficiary to the Agreement. Moreover, even if the court were to allow McInroy to amend the complaint, the argument fails. A plaintiff is an intended third-party beneficiary if "the contract reflects the express or implied intention of the parties to benefit the third party." Audio Odyssey, Ltd. v. U.S., 255 F.3d 512, 521 (8th Cir. 2001) (citation omitted). "Government contracts often benefit the public, but individual members of the public are treated as incidental beneficiaries unless a different intention is manifested." Restatement (Second) of Contracts § 313 cmt. a.

The vast majority of courts to address this issue have held that borrowers are not intended third-party beneficiaries of the Agreement, and the court finds the reasoning of those cases persuasive. See, e.g., Nafso v. Wells Fargo Bank, NA, No. 11-10478, 2011 WL 1575372, at *4–5 (E.D. Mich. Apr. 26, 2011); Rivera v. Bank of Am. Home Loans, No. 09-cv-2450, 2011 WL 1533474, at *3–7 (E.D.N.Y. Apr. 21, 2011); Orcilla v. Bank of Am., N.A., No. C10-03931, 2010 WL 5211507, at *3 (N.D. Cal. Dec. 16, 2010); Speleos v.

6

BAC Home Loans Servicing, L.P., No. 10-11503, 2010 WL 5174510 at *3-5 (D. Mass. Dec. 14, 2010); Phu Van Nguyen v. BAC Home Loan Servs., No. C-10-01712, 2010 WL 3894986, at *4 (N.D. Cal. Oct. 1, 2010); Marks v. Bank of Am., N.A., No. 03:10-cv-08039, 2010 WL 2572988, at *5 (D. Ariz. Jun. 22, 2010); Escobedo v. Countrywide Home Loans, Inc., No. 09-cv-1557, 2009 WL 4981618, at *3 (S.D. Cal. Dec. 15, 2009). But see Marques v. Wells Fargo Home Mortg., Inc., No. 09-cv-1985, 2010 WL 3212131, at *7 (S.D. Cal. Aug. 12, 2010). Moreover, the Supreme Court, in an analogous case, recently held that a third party was not an intended beneficiary of contracts between participating drug manufacturers and the government. See Astra USA, Inc. v. Santa Clara Cnty., Calif., 131 S. Ct. 1342, 1348 (2011) ("The absence of a private right to enforce the statutory ... obligations would be rendered meaningless if [a third-party] could overcome that obstacle by suing to enforce the contract's ... obligations instead."). Therefore, McInroy is not an intended third-party beneficiary, and dismissal of the due process claim is warranted.

**III. Violation of HAMP**

McInroy next claims that BAC violated HAMP by failing to reply to his loan modification request before foreclosing on his home. Congress did not create an express or implied private right of action to enforce EESA or HAMP. See Marks, 2010 WL 2572988, at *5-7. Instead, HAMP designates Freddie Mac as the program's sole

enforcement agent and provides consumers with a procedure for filing complaints with Freddie Mac. See id. at *6; U.S. Dep't of Treasury, Supplemental Directive 09-08, Home Affordable Modification Program — Borrower Notices, at 4 (2009). Therefore, HAMP does not provide a private right of action, and dismissal of this claim is warranted.

**IV. Violation of Implied Covenant of Good Faith and Fair Dealing**

In Minnesota, all contracts include an "implied covenant of good faith and fair dealing" that prevents one party from "unjustifiably hinder[ing] the other party's performance of the contract." Midwest Sports Mktg., Inc. v. Hillerich & Bradsby of Can., Ltd., 552 N.W.2d 254, 268 (Minn. Ct. App. 1996) (quoting In re Hennepin Cnty. 1986 Recycling Bond Litig., 540 N.W.2d 494, 502 (Minn. 1995)). To establish a violation of this covenant, a plaintiff must show that the other party to the contract acted in bad faith by "refus[ing] to fulfill some duty or contractual obligation based on an ulterior motive." Sterling Capital Advisors, Inc. v. Herzog, 575 N.W.2d 121, 125 (Minn. Ct. App. 1998) (citation omitted).

The only contracts to which McInroy is a party are the mortgage and promissory note. These contracts do not provide McInroy with a right to modify the mortgage. See ECF No. 1-2. As a result, BAC did not "refus[e] to fulfill any contractual obligation based on an ulterior motive" because it has no

contractual obligation to provide a loan modification. See Sterling Capital, 575 N.W.2d at 125. Therefore, McInroy cannot state a claim for violation of the covenant of good faith and fair dealing, and dismissal is warranted.

**V.   Violation of the MUDTPA**

The MUDTPA states that "a person engages in a deceptive trade practice when ... [he] engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." Minn. Stat. § 325D.44, subdiv. 1(13). Confusion under the MUDTPA means a mistake in the identity or essential aspects of a service for that of another service. Cf. In re Simitar Entm't, Inc., 275 B.R. 331, 349 (Bankr. D. Minn. 2002). McInroy claims that BAC violated the MUDTPA by failing to reply to his loan modification request before commencing foreclosure proceedings.

McInroy fails to plead conduct by BAC that created "a likelihood of confusion or misunderstanding." See Compl. ¶¶ 3-12, 28-34. As a result, his claim fails, and dismissal is warranted on this basis alone. Moreover, his "assum[ption] that [BAC] would review his request and apply the guidelines of HAMP to determine his eligibility and terms of his modification," Pl.'s Mem. Opp'n 8,

9

is not a basis for a MUDTPA claim.[4]  Therefore, McInroy fails to state a claim under the MUDTPA, and dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 2] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 9, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[4] The court also notes that the MUDTPA only allows injunctive relief.  BAC foreclosed and sold the house.  The redemption period appears to have run.  McInroy does not explain the future actions from which he seeks relief.